CARMEN CONSUELO CEREZO, United States District Judge
Before the Court is a Motion to State Essential Findings on Record Pursuant to Rule 12(d) of the FRCr Procedure filed by defendant [1] Alejandro Carrasco on August 16, 2018 (d.e. 163 ). Movant again asserts that since none of the alleged transactions involved federal funds, the Court lacked jurisdiction over the subject matter to establish a violation of law under 18 U.S.C. section 666 due to the absence of federal funds in all of the applicable counts of the Indictment.
Count One charges that defendant Carrasco, around July-August 2009, while being an agent and representative of the Municipality of Barceloneta, a local government agency that received benefits in excess of $10,000.00 under a federal program including a grant, contract, subsidy or other form of federal assistance in a one-year period, corruptly demanded and knowingly accepted a thing of value, approximately $24,000.00 from a contractor disguised as legal fees, intending to be influenced and rewarded in connection with a transaction(s) involving $5,000.00 or more, specifically in connection with Contract No. 2010-000024 with the Municipality of Barceloneta, for construction consulting services in the amount of $120,000.00, in violation of 18 U.S.C. section 666(a)(1)(B) and (b). The following Counts Two through Five all charge violations of *296 18 U.S.C. section 666(a)(1)(B) and (b) on different dates in which it is alleged that defendant was an agent and representative of other municipalities,[1] specifically the Municipalities of Río Grande (Counts Two and Five) and Juncos (Count 3). The Indictment specifically averred that each of the municipalities mentioned in Counts One through Five received during the relevant time period "over $10,000.00 in federal funds each fiscal year."
Defendant Carrasco argued in his dismissal motion (d.e. 154) "that the funds involved in these transactions are only state funds," that "Congress has no constitutional power to legislate over funds provided to municipalities from the state ...," and finally that "the funds expended in the contracts alleged are purely local funds." Motion, at ¶¶ 8, 10 and 15. The United States in its opposition (d.e. 155) relied on the allegations of the Indictment which must be taken as true upon considering a motion to dismiss, and states that the statutory text makes clear that what the government must establish is that the State or the local agency received more than $10,000.00 in federal funds in a one-year period.
Defendant's Motion to State Essential Findings on Record is based on Fed. R. Crim. P. 12(d), which provides:
The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record.
(Emphasis ours).
The United States' response to the defendant's Motion was filed on August 22, 2018 (d.e. 164), stating that all that the Court needed to rule were the parties' filings and the allegations of the Indictment and nothing more was required.
Defendant's argument in support of dismissal of all section 666 charges is that the funds involved in the transactions in which he allegedly participated are only State funds. This argument misconstrues the federal component of 18 U.S.C. section 666(a) and 666(b). Section 666(a) requires that "the circumstance described in subsection (b) of this section exists" and section 666(b) provides that "[t]he circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." The Indictment clearly avers that each of the municipalities mentioned in Counts One through Five, located in Puerto Rico, all received over $10,000.00 in federal funds each fiscal year. See general allegations 1 through 3. Counts One, Two, Three, Four and Five each state that during the relevant time frame asserted for each count, the particular municipality was a local government agency that received benefits in excess of $10,000.00 under a federal program involving a grant, contract, subsidy and other forms of federal assistance in a one year period. Defendant conveniently leaves out of the analysis this essential jurisdictional allegation of each of these counts and tries to bypass it by stating that since the allegedly fraudulent transactions imputed to defendant in each count involve state funds, there is no federal jurisdiction.
*297 As acknowledged in Salinas v. United States, 522 U.S. 52, 118 S.Ct. 469, 474, 139 L.Ed.2d 352 (2016), "the statutory language demonstrates [that] section 666(a)(1)(B) was designed to extend federal bribery prohibitions to bribes offered to state or local officials employed by agencies receiving federal funds" and at page 475 the Court concludes the following: "The text of 666(a)(1)(B) is unambiguous on the point under consideration here, and it does not require the Government to prove federal funds were involved in the bribery transaction."
The argument advanced by defendant, to wit, that because the bribery transaction involved state funds he cannot be charged under section 666(a)(1) ( (B), is contrary to the rules of statutory construction applied by the Court in Salinas. The section 666(a)(1)(B) counts of the Indictment charge that defendant Carrasco had a contractual relationship with the municipalities and that these municipalities received federal funds. See also Sabri v. United States, 124 S.Ct. 1946 (2004), on the purpose of section 666(a) as a safeguard to protect the integrity of the vast sums of money distributed through federal programs to the state and local recipients of federal dollars. In the case before us, the recipients of the federal funds were the municipalities as alleged in the Indictment. As clearly provided at 18 U.S.C. section 666(b), "[t]he circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance."
For the reasons stated, the Motion to State Essential Findings on Record Pursuant to Rule 12(d) of the FRCr Procedure filed by defendant [1] Alejandro Carrasco on August 16, 2018 (d.e. 163 ) is DENIED since defendant's position is based on an erroneous interpretation of the statute. No factual issues are involved in deciding the Motion to Dismiss the Indictment for Lack of Subject Matter Jurisdiction at docket entry 154.
SO ORDERED.

The section 666 offense charged in Count Four also refers to defendant Carrasco as an agent and representative of the Municipality of Barceloneta.